NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1418

JOHN E. LAND, III, ET AL.

VERSUS

DENNIS J. VIDRINE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2008-6656
HONORABLE GLENNON EVERETT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED.

Joel E. Gooch
Allen & Gooch
P. O. Box 81129
Lafayette, LA 70598-1129
(337) 291-1210
Counsel for Defendant/Appellee:
    Dennis J. Vidrine

**Keith D. Jones**
**Attorney at Law**
**8480 Bluebonnet Boulevard, Suite F**
**Baton Rouge, LA 70810**
**(225) 763-6900**
**Counsel for Plaintiff/Appellant:**
**Jennie Caroline Land**

**Stephen C. Myers**
**Attorney at Law**
**642 Ursuline Drive**
**Baton Rouge, LA 70808**
**(225) 767-0640**
**Counsel for Plaintiffs/Appellants:**
**John E. Land, III**
**Susan Land Orellana**

**DECUIR, Judge.**

Plaintiffs, siblings John Land III, Jennie Land, and Susan Land Orellana, filed this claim for legal malpractice against Defendant, Dennis Vidrine, after he filed a petition to probate the wills executed by Plaintiffs' parents. Finding the claim perempted under the provisions of La.R.S. 9:5605, the trial court dismissed the malpractice suit against Vidrine. Plaintiffs appeal, and for the following reasons, we affirm the judgment rendered below.

This case arose following the death of John Land who died three weeks after his wife in March of 2007. The Lands were residents of Baton Rouge and were clients of Vidrine, who drafted Mr. Land's will in 2004. The Lands were the parents of five children: John, Jennie, and Susan, Plaintiffs herein, who were excluded as legatees from their father's will, and Polly and Gary, both of whom were named as beneficiaries in their father's will. Polly was aware of the provisions of her father's 2004 will, although she had not yet located the will and did not know if it had been revoked or amended. She indicated to Vidrine in the days following her father's death that she thought the will was unfair, and she and Gary wanted to split the inheritance equally between all five siblings. Based on this assertion, the agreement of all five siblings, and the absence of the actual will of Mr. Land, Vidrine filed pleadings for the administration of an intestate succession in East Baton Rouge Parish on April 12, 2007.

By August of 2007, Polly and Gary had located their parents' wills and decided they should no longer proceed with the administration of an intestate succession. Pursuant to Polly's instruction, Vidrine then filed a petition to probate the wills of John and Stella Land on August 22, 2007. Immediately thereafter, on September 7, 2007, Plaintiffs John, Jennie, and Susan filed an opposition. Eight months later, on

April 11, 2008, Plaintiffs filed the present suit for legal malpractice claiming that Vidrine took a position directly adverse to them after the establishment of an attorney-client relationship. The suit was filed in East Baton Rouge Parish.

Vidrine responded to the suit by filing a declinatory exception of improper venue, asserting that he is domiciled in Lafayette Parish and maintains his law practice in Lafayette Parish. At a hearing on the venue issue, Vidrine satisfied the Baton Rouge court that his law practice is based solely in Lafayette Parish and that all substantive legal work on behalf of the Land family was performed in Lafayette Parish. Accordingly, the trial court granted Vidrine's exception and transferred the case to the Fifteenth Judicial District Court in Lafayette Parish in an order dated October 6, 2008. Plaintiffs did not appeal this judgment or apply for a supervisory writ to the First Circuit Court of Appeal. On November 24, 2008, the case was transferred to Lafayette Parish.

On April 16, 2009, Vidrine filed an exception of peremption in the Lafayette Parish suit. He asserted that the alleged malpractice occurred on August 22, 2007, and that Plaintiffs had not filed suit in a court of proper venue within one year of this date in accordance with the provisions of La.R.S. 9:5605(A). Plaintiffs filed an opposition on June 9, 2009, and the trial court ruled in favor of Vidrine on June 22. Judgment was signed on June 27, dismissing the suit on grounds of peremption.

In this appeal, Plaintiffs contend the Nineteenth Judicial District Court erred in maintaining the exception of improper venue and in failing to recognize East Baton Rouge as a parish of proper venue under La.Code Civ.P. art. 74. They further allege error by the Fifteenth Judicial District Court in maintaining the exception of peremption pursuant to La.R.S. 9:5605.

2

This court has addressed precisely the venue issues raised in this appeal in the case entitled *M & L Indus., L.L.C. v. Hailey*, 05-940 (La.App. 3 Cir. 3/1/06), 923 So.2d 869. The plaintiff filed suit in Terrebonne Parish, the defendant's exception of improper venue was maintained, and the case was transferred to Concordia Parish. The plaintiff neither appealed the ruling nor filed for a supervisory writ. Rather, when a final judgment was rendered by the Concordia Parish court on the issue of peremption, the plaintiff appealed alleging error in the rulings of both the Terrebonne and Concordia Parish courts. We found for the defendant, explaining that the plaintiff waived any objection he may have had to the venue ruling by failing to appeal that ruling timely:

> Whether a venue ruling is appealable because it causes irreparable harm or reviewable pursuant to an application for supervisory writs, review must be sought in a timely manner or the venue issue is waived. Accordingly, M & L waived venue in Concordia Parish by failing to timely file an appeal or seek writs when Davis's exception to venue was granted by Terrebonne Parish district court and M & L's case was transferred to Concordia Parish in July 2004.

*Id*. at 877. Accordingly, based on the rationale of *M & L Industries*, we find Plaintiffs failed to seek review of the venue issue in a timely manner and it is therefore waived.

The second issue raised in this appeal is whether the trial court erred in maintaining the exception of peremption filed by Defendant. The exception is based on La.R.S. 9:5605(A), which provides that no action for legal malpractice shall be brought "unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged" malpractice. Paragraph B of the statute specifically defines the limitation period as peremptive in nature, referencing La.Civ.Code art. 3461, and explaining that the limitation period may not be "renounced, interrupted, or suspended." Finally, Paragraph C pronounces that in any action brought against

3

a Louisiana attorney, the "peremptive period shall be governed exclusively by this Section."

The record before us shows that Vidrine filed a petition to administer an intestate succession on April 12, 2007 on behalf of Plaintiffs as well as Polly and Gary. Four months later, Vidrine allegedly took a position adverse to three of his clients by filing a petition to probate the wills of John and Stella Land on August 22, 2007, wills which Plaintiffs knew excluded them from an inheritance. Plaintiffs' claim against Vidrine for his action on August 22, 2007 was not filed in a parish of proper venue until November 24, 2008, more than a year from the alleged act of malpractice. "[W]hen the plaintiff's petition is preempted on its face, the burden shifts to the plaintiff to show why the claim has not preempted." *Dauterive Contrs. Inc. v. Landry & Watkins*, 01-1112, p. 16 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242, 1253.

In order to meet their burden of proof, Plaintiffs suggest they had no knowledge of the alleged malpractice until Vidrine's deposition was taken in February of 2008. Through his deposition testimony, Plaintiffs claim they first became aware of the "nature and extent" of the court filings and Vidrine's "mental state" so as to put them on notice of his wrongful acts. Nevertheless, the record reveals that Plaintiffs, who were then represented by other counsel, immediately objected to the probate of their parents' wills by filing an objection thereto.

We find no error in the trial court's conclusion that Plaintiffs failed to meet their burden of proving their claim was not preempted under the preemption statute of La.R.S. 9:5605 governing this claim for legal malpractice.

4

For the above and foregoing reasons, the judgment of the trial court is affirmed.

Costs of this appeal are assessed to Plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.